UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEWIS GILES, JR. | CIVIL ACTION |
| VERSUS | NO. 20-1128 |
| BAYVIEW LOAN SERVICING, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant Bayview Loan Servicing's motion to dismiss plaintiff's amended complaint for failure to state a claim.[1] Because plaintiff fails to allege facts sufficient to support his claims, the Court grants the motion.

### I. BACKGROUND

This case involves a mortgage dispute. Plaintiff Lewis Giles alleges he had a "promissory note and mortgage" with defendant Bayview Loan Servicing, LLC.[2] Plaintiff states that he regularly paid the mortgage by phone, but that in November 2019, he was informed the "loan was in foreclosure."[3] Giles alleges he requested information about how to pay the

---

[1] R. Doc. 34.
[2] R. Doc. 33 at 1 ¶ 1.
[3] *Id.* at 1-2 ¶ 1.

debt, but according to Giles, Bayview did not send that information within thirty days.[4]  Plaintiff alleges that this failure to provide the requested information was a breach of the "original Mortgage Contract paragraph 21."[5] Although Giles was ultimately approved for a loan modification, Giles asserts that Bayview is "enforcing a Wrongful Foreclosure process."[6]  Plaintiff seeks $2,720,500 in damages.[7]

Bayview moves to dismiss plaintiff's amended complaint.[8]  Other defendants—who are listed in the case caption but are unmentioned in Giles's allegations—have also moved to dismiss the complaint.[9]  Plaintiff has also filed various other motions, including a demand for a jury trial,[10] a motion for "document verification,"[11] and three motions for declaratory judgment.[12]

---

[4]     *See id.* at 2 ¶ 1.
[5]     *See id.*
[6]     *Id.*
[7]     *See id.* at 3 ¶ 2.
[8]     R. Doc. 34.
[9]     R. Doc. 30 (David Ertel); R. Doc. 31 (Lakeview Loan Servicing, LLC); R. Doc. 35 (Corporation Service Co., Prentice-Hall Corporation System, Inc., and Robman Ward III).
[10]    R. Doc. 18.
[11]    R. Doc. 21.
[12]    R. Doc. 19; R. Doc. 22; R. Doc. 23.

## II.  LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor.  *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).  The Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or

an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

Finally, courts construe briefs submitted by *pro se* litigants liberally, and a court will "apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); see *also Abdul–Alim Amin v. Universal Life Ins. Co. of Memphis, Ten*n., 706 F.2d 638, 640 n.1 (5th Cir. 1983). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).

## III. DISCUSSION

### A. Breach of Contract

Bayview first moves to dismiss plaintiff's contract claim. Under Louisiana law, "[t]he essential elements of a breach of contract claim are (1) the obligor's undertaking of an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the oblige." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011).

Plaintiff fails to allege the elements for a breach of contract claim here. The gist of plaintiff's allegations seems to be that Bayview breached paragraph twenty-one of the mortgage contract by failing to provide him within thirty days with information about how to pay his debt. Although Giles states that this violated a specific paragraph of the contract, he does not properly allege the obligation that paragraph twenty-one imposed on Bayview. Nor does plaintiff attach the contract to the complaint. These are therefore insufficient factual allegations to raise the right to relief above a speculative level. *See Twombly*, 550 U.S. at 555.

Moreover, Bayview attaches the relevant mortgage contract to its motion to dismiss. The Court may consider the contract as it is referenced in and essential to the complaint. *Brand Coupon Network,* 748 F.3d at 635. Paragraph twenty-one of the contract states that Bayview is obligated to give notice to Lewis before any acceleration, but it does not require Bayview to provide Lewis within thirty days with information about how to pay his debt.[13] The Court therefore dismisses plaintiff's breach of contract claim.

---

[13]   R. Doc. 34-2 at 5. Bayview also attaches a letter that makes clear it complied with paragraph twenty-one of the contract by giving Lewis notice before acceleration. *See* R. Doc. 34-3 at 2-4. But because it is unclear if this letter is referenced in Lewis's complaint, the Court does not consider it in reaching its decision.

5

## B. Wrongful Foreclosure

Bayview next moves to dismiss plaintiff's wrongful foreclosure claim. As an initial matter, plaintiff's wrongful foreclosure action seems entirely premised on defendant's breach of contract action.[14] As the Court has found that defendant has not stated a claim for breach of contract, plaintiff's wrongful foreclosure claim also fails.

Specifically, plaintiff fails to allege any sufficient factual allegations to raise the right to relief above a speculative level. *See Twombly*, 550 U.S. at 555. To the extent Giles's wrongful foreclosure claim is premised on the idea that defendant is liable for continuing to require payment while Giles negotiated his loan modification, this claim also fails. Lewis alleges no written agreement under which Bayview agreed to forbear payment while Lewis negotiated a new loan. And Louisiana law prohibits any oral credit agreement. *See* La. R.S. 6:1122 ("A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and debtor."). The Court therefore dismisses plaintiff's wrongful foreclosure claim.

---

[14]   R. Doc. 33 at 2 ("Being in Breach of Contract and proceeding with foreclosures, makes this a 'Wrongful Foreclosure.'").

6

### C. Remaining Defendants

In his case caption, plaintiff also sues various other defendants, including Corporation Servicing Company, the Prentice-Hall Corporation System, Rodman Ward III, and David Ertel. The complaint fails to mention any of these parties or to lay out any cause of action against them. Each of these parties has moved to dismiss the complaint.[15] Because these parties are not referenced in the allegations in the complaint, plaintiff has not "state[d] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court therefore dismisses these claims.

Moreover, the Court does not grant plaintiff leave to amend his complaint to include additional allegations. Generally, the Court should "freely five leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the Court granted plaintiff leave to amend his complaint once already,[16] and the amended complaint was still bereft of *any* allegations against a defendant other than Bayview, and the allegations against Bayview were plainly deficient. The Court therefore dismisses plaintiff's claims without leave to amend his complaint.

---

[15]   R. Doc. 30 (David Ertel); R. Doc. 31 (Lakeview Loan Servicing, LLC); R. Doc. 35 (Corporation Service Co., Prentice-Hall Corporation System, Inc., and Robman Ward III).
[16]   R. Doc. 32.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Bayview's motion to dismiss. The Court also GRANTS the remaining defendants' motions to dismiss. Plaintiff's complaint is therefore DISMISSED WITH PREJUDICE. Plaintiff's remaining motions are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this \_\_30th\_\_ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE