UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEWIS GILES, JR.                                       CIVIL ACTION

VERSUS                                                       NO. 20-1128

BAYVIEW LOAN SERVICING,                        SECTION "R" (2)
ET AL.


**ORDER AND REASONS**


Before the Court is plaintiff Lewis Giles' motion for leave to file a motion to reopen the case.[1] Giles has moved for leave to file the motion because he is and remains under an order requiring Giles to obtain leave of court to file any document on the docket other than a notice of appeal.[2]

This action originated in 2020 when plaintiff Lewis Giles filed a frivolous complaint containing virtually no allegations.[3] The Court granted Giles leave to amend his complaint.[4] But Giles's amended complaint again failed to state a claim, so the Court dismissed the amended complaint with prejudice.[5] While the complaint was pending, Giles filed various other

---

[1]     R. Doc. 47.
[2]     R. Doc. 45.
[3]     R. Doc. 1-2.
[4]     R. Doc. 32.
[5]     R. Doc. 38.

motions, including a motion to declare his mortgage contract "relatively null and legally void"[6] and a motion for "document verification" in which he sought to review opposing counsel's license to practice law.[7] After the Court dismissed Giles's amended complaint with prejudice and entered judgment in the record, Giles filed a motion for leave to file objections to the Court's judgment.[8] On July 7, 2020, the Court granted Giles leave to file his objections,[9] entered the objections into the record, and then denied the objections, which the Court construed as a motion for reconsideration.[10] Giles then moved for reconsideration under Federal Rule of Civil Procedure 60(b).[11] The Court denied the motion and ordered that Giles receive leave of Court before filing any document on the docket other than a notice of appeal.[12]

Nearly six years later, Giles now moves for leave to file a motion to reopen this matter, which the Court construes as a motion under Federal Rule of Civil Procedure 60(b).[13] Under Federal Rule of Civil Procedure 60(c),

---

[6]   R. Doc. 19.
[7]   R. Doc. 21.
[8]   R. Doc. 40.
[9]   R. Doc. 41.
[10]  R. Docs. 42, 43.
[11]  R. Doc. 44.
[12]  R. Doc. 45.
[13]  R. Doc. 47.

2

any motion under Rule 60 "must be made within a reasonable time." Fed. R. Civ. P. 60(c). The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion. *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). In applying this rule, the Fifth Circuit has found that a Rule 60(b)(6) motion was not filed within a reasonable time when a petitioner waited eight months after a relevant change in decisional law to file the motion. *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014).

The foreclosure and sheriff's sale that plaintiff seeks to challenge occurred four and three years ago, respectively. Even accepting, *arguendo*, that the foreclosure and sheriff's sale are grounds for a 60(b) motion, once a party has grounds to make such a motion, the party must do so promptly. *First Republic*, 958 F.2d at 120. Giles has not moved within a reasonable time. The Court therefore denies the motion for leave to file as untimely.

Further, the proposed motion is futile. The proposed motion relies entirely on Giles' misconstruing of this Court's previous orders and presents no new grounds for relief. Giles asserts that various events since the conclusion of the lawsuit violate the Court's orders, in particular the Court's July 7, 2020 order granting leave to file.[14] In so doing, Giles misconstrues

---

[14]    R. Doc. 41.

the Court's previous orders.  The order granting leave to file[15] granted Giles'
"Motion to Object Orders" after the Court had entered final judgment in the
record against him.[16]  The Court granted the "Motion to Object Orders" by
entering Giles' objections in the record.  The order granting the motion to
object to orders granted Giles no other relief.  The Court's July 7, 2020 merits
order construed Giles' objections as a motion for reconsideration and denied
that motion.[17]

Giles now moves for leave to file a motion to reopen this matter, which
the Court construes as a motion under Federal Rule of Civil Procedure
60(b).[18]  Federal Rule of Civil Procedure 60(b) allows for a case to be
reconsidered when there has been "(1) mistake, inadvertence, surprise, or
excusable neglect;" "(2) newly discovered evidence;" "(3) fraud;" "(4) the
judgement is void;" "(5) the judgment has been satisfied, released, or
discharged; it is based on an earlier judgment that has been reversed or
vacated; or applying it prospectively is no longer equitable;" or (6) "any other
reason that justifies relief."  Fed. R. Civ. P. 60(b).  None of these factors is
applicable here.  The Court therefore denies the motion.

---

[15]    R. Doc. 41.
[16]    R. Doc. 40.
[17]    R. Doc. 43.
[18]    R. Doc. 47.

For the forgoing reasons, plaintiff's motion to file a motion to reopen the case is DENIED.  The order requiring plaintiff to obtain leave of court to file any document on the docket other than a notice of appeal remains in effect.[19]

New Orleans, Louisiana, this 29th day of April, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]    R. Doc. 45.